SANDFORD *against* BURRELL.

Practice in taking testimony, *de bene esse.*

ASSAULT and battery.

Plea, *Moll Manus imp.*

In the progress of this cause, the defendant offered to read a deposition of an absent witness, taken *de bene esse,* before the recorder of the city of New York.

Sandford v. Burrell.

The reading of the deposition was opposed by the plaintiff, on the ground that sufficient notice of the examination of the witness had not been given.

On this subject, it appeared that the witness resided at Cold Brook, Connecticut; that the order for his examination was granted by the recorder, on the usual affidavit of the materiality of his testimony, and of his intention to leave the state. That the order, however, was granted on the 7th November, to examine the witness on the 8th; that it was served on the agent for defendant's attorney, the defendant and his attorney, both, residing at Newburgh. That the agent attended the examination; but, being uninstructed in the merits of the cause, did not cross-examine the witness.

SPENCER, J.   If the witness had been about to leave the country for foreign parts, I should consider this deposition correctly taken. The danger of losing the testimony would be sufficient justification for the rapidity of the proceedings. But this necessity did not exist in this case; and it ought to be an extreme necessity to deprive the opposite party of his important right of cross-examination. Here the witness resides in a neighboring state, and a commission could have been returned in a few days.

The deposition cannot be read.